IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
MARY'S HOUSE, INC., et al.,   )
                              )
            Plaintiffs,       )
                              )
     v.                       )          1:12CV169
                              )
STATE OF NORTH CAROLINA,      )
et al.,                       )
                              )
            Defendants.       )
```

### MEMORANDUM OPINION AND ORDER

This case comes before the Court on Jane Doe Plaintiffs' Motion to Proceed Anonymously (Docket Entry 8). For the reasons that follow, the Court will grant said Motion.

### BACKGROUND

This case began when Plaintiffs Mary's House, Inc. and Jane Does 1-8 filed a Complaint alleging that Defendant State of North Carolina and various of its agencies and officials discriminated against persons suffering from substance abuse-related disabilities in violation of federal law and the United States Constitution. (See Docket Entry 1.) Plaintiffs Jane Doe 1-8 thereafter filed the instant Motion asserting that they "are all recovering substance abusers who are receiving treatment for addiction." (Docket Entry 8 at 1.) In said Motion, Plaintiffs Jane Doe 1-8 "request that their identities be kept confidential, that they be allowed to proceed in this civil action anonymously, and that they be identified in all pleadings and documents as 'Jane Doe' and a

number." (Id. at 2.)  Defendants responded in opposition (Docket Entry 17) and Plaintiffs Jane Doe 1-8 replied (Docket Entry 18).

DISCUSSION

The parties agree that the resolution of the instant Motion turns upon the Court's analysis of a five-factor test set forth in James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993). (Compare Docket Entry 9 at 3, with Docket Entry 17 at 3.)  Those factors consist of the following:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, relatedly, [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

James, 6 F.3d at 238.

The Court finds as follows as to each of the foregoing factors:

1) Plaintiffs Jane Doe 1-8 have asserted privacy interests that transcend concerns arising from litigation in general and that involve the sensitive and highly personal matter of their status as substance abusers seeking treatment;

2) Plaintiffs Jane Doe 1-8 have failed to show that their identification in this case would expose them (or their minor children) to any non-speculative risk of retaliatory harm;

3) Plaintiffs Jane Doe 1-8 credibly have alleged that they seek to protect not only their own privacy interests but also the privacy interests of their minor children;

4) Plaintiffs Jane Doe 1-8 have brought this action against governmental, not private, parties; and

5) Defendants have failed to establish, at least at this stage, that they face any significant risk of unfair prejudice from an order allowing Plaintiffs Jane Doe 1-8 to proceed anonymously.[1]

CONCLUSION

The first, third, fourth, and fifth factors thus support the position of Plaintiffs Jane Doe 1-8, whereas the second factor supports Defendants' position. On balance, the Court concludes that the relevant factors, both quantitatively and qualitatively, weigh in favor of allowing Plaintiffs Jane Doe 1-8 to proceed anonymously, at least at this time.

---

[1] In addressing possible sources of prejudice resulting from allowance of the instant Motion, Defendants argued that "Plaintiffs have clearly placed their health at issue in this case, and cannot prohibit Defendant[s] from discovering information relevant to this cause of action, including substance abuse information and other health information." (Docket Entry 17 at 10.) Plaintiffs Jane Doe 1-8, however, have conceded that "[a]nonymity does not preclude discovery." (Docket Entry 18 at 6.) Accordingly, the Court concludes that Defendants' sole identified example of potential unfairness does not appear applicable in this case. Should that circumstance change, Defendants could ask the Court to revisit this issue.

**IT IS THEREFORE ORDERED** that Jane Doe Plaintiffs' Motion to Proceed Anonymously (Docket Entry 8) is **GRANTED**.

                                       /S/ L. Patrick Auld
                                            **L. Patrick Auld**
                                 **United States Magistrate Judge**

April 16, 2012